IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles J. Tuttle,                            Case No. 3:10 CV 2794

               Plaintiff,                     MEMORANDUM OPINION
                                               AND ORDER
    -vs-
                                                JUDGE JACK ZOUHARY
State of Ohio Department of Public Safety,
   et al.,

               Defendants.

*Pro se* Plaintiff Charles Tuttle filed this action under the Fair Debt Collection Practices Act and 42 U.S.C. § 1983 against the Ohio Department of Public Safety and the City of Cleveland. Plaintiff alleges the State prevented him from owning a motor vehicle, and has done so while acting as a collection agent on behalf of the City of Cleveland. He further alleges the State is falsely claiming he owes a debt to the City of Cleveland, even though no judgment has been taken against him.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, Plaintiff has failed to state a claim upon which relief is granted and this action is dismissed. The request to proceed *in forma pauperis* is granted. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    February 15, 2011